UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL NO. 15-11-DLB-CJS

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                       REPORT AND RECOMMENDATION

JAMES CODY CARTER                                                                DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On June 10, 2015, this matter came before the Court for a Final Revocation Hearing on the U.S. Probation Office's Report and Supplemental Report that Defendant James Cody Carter had violated conditions of his supervised release. Defendant was present in Court and represented by Kerry L. Neff, and the Government was represented by Assistant U.S. Attorney Robert K. McBride. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-15-cr-11-DLB-CJS-20150610-133235; the official record of this proceeding was certified by Linda Tierney, Deputy Clerk.

**I.     Background**

On April 3, 2002, a federal grand jury returned a 5-count Indictment against Defendant in the United States District Court in the Southern District of Ohio. (R. 2-1). On August 14, 2002, Defendant appeared in U.S. District Court in Cincinnati, Ohio, before the Honorable Judge Herman J. Weber, U.S. District Judge, and pleaded guilty to Count 1, distribution in excess of 5 grams of cocaine base. (R. 2, at 4). On January 17, 2003, the Court sentenced Defendant to 151 months of imprisonment with a 4-year term of supervised release to follow; the remaining counts were

dismissed. (R. 2-2). Defendant's period of supervision began on October 21, 2011. The U.S. Probation Office in Covington, Kentucky accepted supervision of Defendant on January 30, 2015. On March 18, 2015, the Court accepted jurisdiction over Defendant and jurisdiction over this matter was transferred to this Court. (R. 1).

On May 21, 2015, Defendant was charged with the following violations of supervised release. (R. 8). Each violation is based upon the factual circumstances set forth below:

> **Violation No. 1:**   The Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons (Grade C violation).

Since February 2015, Defendant has repeatedly informed Senior U.S. Probation Officer Suter that he was employed by Southern Comfort Construction LLC, and that he was paid by check. Upon investigation, Probation Officer Suter learned that Defendant had not cashed the checks that he had previously submitted as proof of employment. Defendant subsequently provided Probation Officer Suter with copies of three new checks as verification of his employment. Further investigation revealed that these checks were never cashed. In addition, Defendant informed the Probation Officer that he has not filed his tax returns since the onset of his supervision.

> **Violation No. 2:**   The Defendant shall support his dependants and meet other family responsibilities (Grade C violation).

On April 27, 2015, Probation Officer Suter contacted the Hamilton County, Ohio, Child Support Office and learned that Defendant was not current on his child support obligations for five children.

> **Violation No. 3:**   The Defendant shall not associate with any person engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation officer. (Grade C violation).

The Probation Office determined that Defendant is living with his girlfriend who is a convicted felon. Defendant had failed to advise the Probation Office of his girlfriend's status as a felon. In addition, the Probation Office reported it was concerned with facts leading to the belief that Defendant's girlfriend, and possibly Defendant, may have had unauthorized use of a rental vehicle.

> **Violation No. 4:** The Defendant shall submit truthful and complete written reports within the first five days of each month (Grade C violation).

Defendant presented monthly reports to the U.S. Probation Office in either Covington, Kentucky or Cincinnati, Ohio falsely representing that: 1) he was employed by Southern Comfort Construction LLC, but he has never presented the checks written to him by the alleged employer to a bank for payment; and 2) he has not had contact with anyone having a criminal record, but it has been determined that he lives with his girlfriend who is a convicted felon.

On May 22, 2015, a warrant was issued for Defendant's arrest based on the Petition presented by his Probation Officer for the aforementioned supervised release violations. (R. 3). On May 26, 2015, Defendant was arrested and brought before the undersigned for an initial appearance on his supervised release violations. (R. 5, 6).

On June 4, 2015, after Defendant's initial appearance, the Probation Office presented a Supplemental Violation Report (R. 11), charging Defendant with the following additional violations.

> **Violation No. 5:** The Defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer (Grade C violation).

On May 5, 2014, Defendant was cited in Boone County, Kentucky for failure to wear a seat belt. Defendant did not report his contact with law enforcement on his May 2014 monthly report or otherwise inform his Probation Officer of this contact.

3

    **Violation No. 6:**    The Defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician (Grade C violation).

On June 2, 2014, Defendant provided a urine specimen which tested positive for marijuana. Defendant signed an Admission Report, admitting to the use of marijuana. On June 6, 2014, Defendant provided a urine specimen that again tested positive for marijuana, his U.S. Probation Officer suspecting this second positive test to be from the same use as the June 2, 2014, positive test result.

    **Violation No. 7**:    The Defendant shall not commit another federal, state, or local crime (Grade B Violation).

On June 2, 2014, Defendant admitted to using marijuana. Under Sixth Circuit precedent, use is equivalent to possession and therefore under the circumstances considered a violation of federal law, 21 U.S.C. § 844(a), given Defendant's history.

The parties appeared before the Court on June 5, 2015, for what was scheduled as a final hearing. But in light of the Supplemental Report, the Court instead conducted an initial appearance on the additional violation charges contained in the June 4, 2015, Supplemental Violation Report (R. 11). As noted above, the final hearing on all charges was held on June 10, 2015.

At the final hearing on these violation charges, counsel informed the Court that the parties had reached an agreement for recommended disposition of the matter. Specifically, Defendant was prepared to stipulate to the violations set forth in the May 21, 2015, Violation Report of Senior U.S. Probation Officer Stacey M. Suter,[1] and the Government agreed to move to dismiss the Supplemental

---

[1] With respect to Violation Number 3, Defendant admitted only to the charge of associating with a convicted felon without having permission from the Probation Office, and did not admit to the additional factual allegations in the Violation Report regarding possible unauthorized use of a rental vehicle by Defendant and/or his girlfriend.

4

Violations contained in the June 4, 2015, Supplemental Violation Report, and recommend an 8-month term of incarceration with 1 year of supervision to follow. The parties request that the 1-year term of supervision include, in addition to the standard conditions previously imposed, the following special conditions: 1) a 3-month term at a half-way house to begin immediately upon Defendant's release from imprisonment; 2) controlled substance testing and substance abuse treatment as directed by the U.S. Probation Office; 3) a search condition; and 4) payment of the remaining balance owed on the fine imposed at Defendant's sentencing on the underlying conviction.

Before taking his plea, the undersigned explained to Defendant the statutory maximum term of incarceration and supervised release and explained the sentencing options available to the Court.[2] The undersigned also informed Defendant that while she would recommend the agreed sentence to the presiding District Judge, the District Judge was not obligated to impose the sentence recommended by the undersigned. Defendant acknowledged his understanding and proceeded to enter a guilty plea to the violations of his supervised release contained in the May 21, 2015, Violation Report, with the exception as noted in footnote 1. Defendant was also informed of his right to allocution, and a waiver of allocution has been executed. That waiver further includes Defendant's waiver of his right to appeal, unless the District Court does not adopt the agreed upon and recommended sentence.

---

[2]Here, because Defendant's underlying criminal offense was a Class B felony, the maximum term of incarceration upon revocation of his supervised release is 36 months. *See* 18 U.S.C. § 3583(e)(3). Section 7B1.4 of the United States Sentencing Guidelines (U.S.S.G.) suggests a revocation range of imprisonment of 8 to 14 months, based upon Defendant's criminal history category of VI and the most serious violation as admitted by him being that of a Grade C violation. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed is life. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B).

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the pending violation charges, has had ample opportunity to consult with counsel, understands that no promises have been made to him about any final sentence to be imposed in exchange for his stipulation regarding the charges contained in the May 21, 2015, Violation Report, and enters his guilty plea knowingly and voluntarily to these charges. Therefore, based on Defendant's plea of guilty to the allegations, the undersigned finds and will recommend that the District Court find that Defendant has violated the conditions of his supervised release as charged in the May 21, 2015, Violation Report (R. 8). The undersigned will further recommend that the District Court grant the Government's oral Motion to Dismiss the charges outlined in the June 4, 2015, Supplemental Violation Report (R. 11).

## II.     Sentencing

Defendant having admitted to violating his supervised release as set forth in the May 21, 2015, Violation Report, the question of sentencing is presented. The Court is mindful of the need to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). As previously noted, Defendant, his counsel, and the Assistant United States Attorney have reached an agreed recommendation of an appropriate punishment for these violations–that Defendant be sentenced to a term of imprisonment of 8 months with a 1-year term of supervised release to follow that includes the following special conditions: 1) a 3-month term at a half-way house to commence immediately upon his release from incarceration; 2) controlled substance testing and participation in substance abuse treatment as directed by the U.S. Probation Office; 3) a search condition requiring Defendant to submit his residence, curtilage, and vehicle to a search, upon direction and discretion of the United States Probation Office; and 4)

payment of the outstanding balance, $1,544, still owing on the $5,000 fine imposed at sentencing on the underlying conviction.

After review of the factual circumstances of the violations and Defendant's case history, the undersigned finds that the agreed-upon recommended sentence of a term of imprisonment of 8 months, with a 1-year term of supervised release to follow that includes a 3-month placement at a half-way house immediately following his term of incarceration and the other special conditions set forth above is sufficient, but not greater than necessary to comply with the statutory purposes. A term of incarceration is needed to sanction Defendant's breach of trust, which is the fundamental principle underlying sentencing for supervised release violations. *See United States v. Branch,* No. 09-1996, 2010 WL 5423743, at *3 (6th Cir. Dec. 28, 2010) (citing U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b)). The imposition of a term of supervised release is also appropriate given Defendant is still in need of and can benefit from a term of supervision. Finally, a half-way house placement and substance abuse treatment are appropriate as part of this supervision to assist Defendant in addressing his substance abuse problems and to assist him in his transition to society. The Court encourages Defendant to take advantage of the opportunities being provided to him and abide by the requirements of the half-way house, treatment program and his supervision. The Court cautions Defendant that further violations of his supervision will be disappointing to the Court and likely result in much harsher penalties.

Lastly, Defendant has requested that the Court recommend that he be placed at the federal correctional facility located in Lexington, Kentucky. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but stated it would make the recommendation on his behalf.

**III.    Recommendation**

Accordingly, **IT IS RECOMMENDED** as follows:

1.     Defendant **JAMES CODY CARTER** be found to have **VIOLATED** the terms of his supervised release as set out in the May 21, 2015, Violation Report (R. 8) as admitted by him.

2.     The United States' **oral Motion to Dismiss** the charges contained in the June 4, 2015, Supplemental Violation Report (R. 11) **be GRANTED** and those charges be **DISMISSED.**

3.     Defendant's supervised release be **REVOKED.**

4.     Defendant be **SENTENCED** to the custody of the Attorney General for a term of **8 MONTHS,** with a **1-YEAR TERM** of supervised release to follow and with the same conditions of supervision reimposed and the following special conditions added:

   a)    Defendant shall be placed in a half-way house for **3 months** as directed by the U.S. Probation Office, to begin immediately upon Defendant's release from imprisonment;

   b)    Defendant shall participate in a substance abuse treatment program and shall submit to periodic drug testing at the direction and discretion of the U.S. Probation Office;

   c)    Defendant shall submit his residence, curtilage and vehicle to a search, upon direction and discretion of the United States Probation Office; and

   d)    Defendant shall make payment of the $1,544.00 outstanding balance on the $5,000 fine imposed at sentencing on the underlying conviction.  Until the fine is paid in full, Defendant is prohibited from incurring new credit charges or opening additional lines of credit and shall provide the Probation Officer access to any requested financial records.

5.     The District Court recommend that the Bureau of Prisons place Defendant at the federal correctional facility located in Lexington, Kentucky, for service of the sentence imposed.

<u>The Clerk of Court shall forthwith submit the record in this matter to the presiding District Court Judge for consideration of this Report and Recommendation</u>, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 18th day of June, 2015.

Signed By:
<u>Candace J. Smith</u>
United States Magistrate Judge

G:\DATA\S.R. violations R&R\15-11 carter SR R&R.wpd